# THE ATTORNEY GENERAL
# OF TEXAS


This Opinion
Overrules Opinion

# _O 56 57 (1943)_

July 23, 1953

Hon. James A. Bethea, M. D.          Opinion No. S-72
Executive Director
Board for Texas State Hospitals   Re:  Legality of paying
        and Special Schools             rental allowances
Austin, Texas                          to Superintendent
                                       of McKnight State
                                       Sanatorium while
                                       residing off the
                                       grounds of the hos-
Dear Dr. Bethea:                       pital.

        You have asked in substance the following ques-
tions:

        Does Section 1 of Article 3184, Vernon's Civil
Statutes, apply to all State hospitals or only to State
mental hospitals?  May the superintendent of a tuberculo-
sis hospital live off the grounds and be paid rental al-
lowances?

        From the wording of your request, we assume that
your inquiry is limited solely to McKnight State Sanatorium.

        Section 1 of Article 3184, Vernon's Civil Stat-
utes, states:

        "The Superintendent of each State Hospi-
        tal shall be a married man, a skilled physi-
        cian authorized to practice medicine in Texas,
        and shall have not less than five (5) years
        experience in the treatment of mental diseases.
        He shall reside at the hospital with his family
        and shall devote his time exclusively to the
        duties of his office, . . ."  (Emphasis added.)

        Substantially these same provisions have been the
law for many years.  See Art. 3184, R.C.S. 1925; Art. 119,
R.C.S. 1911; Art. 97, R.C.S. 1895; Art. 75, R.C.S. 1879.

        The caption of the original act from which Arti-
cle 3184 evolved (Ch. 93, General Laws 7th Leg., 1858, p.
114) reads as follows:

Hon. James A. Bethea, page 2 (S-72)

"An act to provide for the organiza-
tion of the State Lunatic Asylum, and for
the care and maintenance of the insane."

In earlier codifications the phrase "lunatic asylum" appeared in place of the phrase "State Hospital" now used in Article 3184. In the revision of 1925 the various institutions for the care of the mentally ill, theretofore known as hospitals for the insane, lunatic asylums, insane asylums, and so on, were renamed "State Hospitals." See Art. 3185, V.C.S. Along with this change, the phrase "State Hospital" was substituted in Article 3184 for "lunatic asylum." The article was cod-ified as a part of the chapter entitled "State Hospitals" which deals with mental hospitals. Statutes relating to institutions for treatment of tuberculosis were codified under a separate chapter entitled "Other Institutions."

It was held in Wood v. State, 133 Tex. 110, 126 S.W.2d 4, 7 (1939):

"It is the settled law that statutes
should be construed so as to carry out the
legislative intent, and when such intent
is once ascertained, it should be given ef-
fect, even though the literal meaning of the
words used therein is not followed."

Bearing in mind the above history of this law and the fact that the present law states that the super-intendent "shall have not less than five (5) years expe-rience in the treatment of mental diseases," we are of the opinion that it was the intent of the Legislature that Section 1, Article 3184, Vernon's Civil Statutes, should apply only to superintendents of mental hospitals.

We do not find any statute requiring the Super-intendent of McKnight State Sanatorium to reside on the grounds. Article 3239, V.C.S., requires that he be a reg-ularly licensed physician, and you state that the present Superintendent is a doctor.

The legality of paying rental allowances to the Superintendent of McKnight State Sanatorium when residing off the grounds is governed at present by subsection (f), Section 5, Article II of Chapter 499, Acts 52nd Legisla-ture, which states:

"Where housing is not available on the grounds of the institution for doctors, the Board is hereby authorized to reimburse the doctor for the actual amount of rent and utilities for housing similar to that furnished on the grounds, provided that such rent payments shall not exceed One Hundred Dollars ($100) per month and utilities payments shall not exceed Twenty-five Dollars ($25) per month." (Emphasis added.)

Whether housing is available on the grounds is a question of fact upon which we cannot pass, but which is to be determined by the Board.

This opinion expressly overrules Attorney General's Opinion O-5657 (1943) insofar as they conflict.

## SUMMARY

Section 1, Article 3184, Vernon's Civil Statutes, requiring State hospital superintendents to have five years experience in treating mental diseases and to "reside at the hospital" applies only to superintendents of State mental hospitals. Where housing is not available on the grounds of McKnight State Sanatorium, a tuberculosis hospital, the Superintendent may be reimbursed for rent and utilities.

APPROVED:

Rudy G. Rice
State Affairs Division

Willis E. Gresham
Reviewer

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General
SCR/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Sam C. Ratliff*
Sam C. Ratliff
Assistant